In the Matter of " Objectant No. 37801 ", Petitioner, *v.* New York State Department of Civil Service et al., Respondents.

Supreme Court, Special Term, Albany County, December 3, 1966.

*Dermot C. Reilly*, petitioner in person. *Louis J. Lefkowitz, Attorney-General* (*Herbert H. Smith* and *William C. Robbins* of counsel), for respondents.

Roscoe V. Elsworth, J. Petitioner seeks in this proceeding (CPLR, art. 78) a review of promotional examination No. 1768 for Associate Attorney. In connection therewith by separate notice of motion he asks partial summary judgment directing respondents to add certain seniority points to his converted grade and in the event of denial thereof he seeks other alternative and contingent relief which would call for amendment of the answer and return by the inclusion therein of additional specified data.

As the result of a conference had at chambers on November 21, 1966 between the court and the parties in this proceeding and the parties in the kindred proceeding of Olin Harper Le Compte against the Civil Service Commission, it was agreed that the only issue to be decided by this court at this time would be that of whether or not the petitioner in this proceeding is entitled to partial summary judgment allowing him the seniority points claimed. The right of either of the parties in this proceeding to make anew any motions or applications presently raised at this Special Term was specifically reserved unto each of them together with the right to make any other, further and different motions or applications in the proceeding as either or both of them might be advised.

The issue here presented is whether petitioner, whose grade was less than passing on the examination, is entitled to seniority points or whether the Civil Service Commission is correct in adding seniority points only to those candidates who received a passing grade on the examination.

Section 6 of article V of the New York State Constitution provides: " Appointments and promotions in the civil service of the state and all of the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive ".

Said section contains no pertinent proviso with respect to seniority credits, but it does provide a preference for veterans who receive additional credit " added to the final earned rating of such member after he has qualified in an examination " and " granted only at the time of establishment of an eligible list ". Thus it is a condition precedent to the vesting of veterans' credits for the candidate to achieve a passing score. To apply seniority credits whether or not a candidate achieves a passing score would in many ways debase and minimize the efficacy of constitutionally established veterans' credits. In other words, it would grant an undue preference to a candidate having seniority points over a candidate having veterans' credits if seniority points were added prior to the crediting of veterans' credits which can be added only to a passing score. When veterans' credits are created by the Constitution it is doubtful if the Legislature, if it were so inclined, could give priority to seniority credits over veterans' credits.

Petitioner argues that the Legislature has in fact mandated that seniority credits attach to the mark of every candidate on a promotional examination entitled to such credits irrespective of whether or not a passing grade is achieved.

Former subdivision 5 of section 16 of the Civil Service Law provided: '' Promotion shall be based upon merit and competition and upon the superior qualifications of the person promoted as shown by his previous service, due weight being given to seniority.'' (L. 1948, ch. 43.)

The only case found to have interpreted this section with respect to the same issue as here presented as to when seniority points shall be applied is *Russel* v. *Kern* (29 N. Y. S. 2d 572) wherein petitioners sought to compel the New York City Municipal Civil Service Commission to rate them for record and seniority and for training, experience and personal qualifications even though they did not pass the written promotion examination. In rejecting this contention, the court said (pp. 573–574): '' If, as petitioners contend, persons who failed to obtain a passing mark on the written competitive examination, may nevertheless attain places on the eligible list for promotion by reason of the ratings obtained by them for record, seniority, training and experience, promotion may often be achieved merely by reason of the passage of time and the acquirement of a good seniority rating. Manifestly inferior candidates may obtain promotion on the basis solely of a good seniority rating. The court is of the opinion that the practice pursued by the Municipal Civil Service Commission over a period of many years is reasonable and reconciles the provisions of Section 16 of the Civil Service Law with those of Article 5, Section 6 of the State Constitution.''

Old subdivision 5 of section 16 of the Civil Service Law has been superseded by present subdivision 2 of section 52 which provides: '' Factors in promotion. Promotion shall be based on merit and fitness as determined by examination, due weight being given to seniority. The previous training and experience of the candidates, and performance ratings where available, may be considered and given due weight as factors in determining the relative merit and fitness of candidates for promotion.''

Petitioner argues that seniority is and must be under this statute an element of the examination itself and not a separate item for consideration. Nevertheless, the court cannot arrive at the conclusion seniority is to be treated differently under the new statute as compared with the former statute. The amorphous phrase '' superior qualifications '' has been deleted from the present statute, as well as the term '' previous service '' which was ambiguous in that it might encompass either seniority or training and experience. In making the statutory changes the Legislature found no inequities with respect to the application of seniority and under both the old and present statute

merely mandated that due weight be given to seniority. The same obligation upon the commission as formerly continues in the same fashion.

The statute does not specify when seniority points are to be applied and the Civil Service Commission may determine the time of application under its rule-making power. It so did in rule 3.4 of the Rules and Regulations of the Civil Service Department which provides in part: "that in a promotion examination, credit granted for seniority and for performance rating may be applied by the addition of points to the average scores earned by passed candidates in the other parts of the examination." (4 NYCRR 3.4[a].)

The procedure attacked is sanctioned by law and fortified by a long course of administrative procedure. Accordingly, the motion for the partial summary judgment prayed for is denied.